U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA
JAN - 8 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAVID JONES
LDOC #524518

VS.

TIM GRAVES, WARDEN

CIVIL ACTION NO. 08-1349

SECTION P

JUDGE DRELL
MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

On September 12, 2008, *pro se* petitioner David Jones filed the instant petition for writ of *habeas corpus* pursuant to the provisions of 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is currently incarcerated at the Grant Parish Detention Center, Colfax, Louisiana. Petitioner attacks his September 13, 2007 convictions for theft in Louisiana's Thirty-Fifth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his federal petition.

### *Statement of the Case*

On September 13, 2007 petitioner pled guilty to three counts of theft over $300 and two counts of theft over $500. He was

sentenced to serve 5 years at hard labor.

According to petitioner his appeal is in "process of being filed." [rec. doc. 1, ¶6(a); see also ¶7(a), "currently filing appeal in 35th Judicial District Court."]

***Law and Analysis***

Petitioner is in custody pursuant to the judgment of a Louisiana court. Accordingly, the provisions of 28 U.S.C. §2254 apply. That statute provides, as relevant to this proceeding:

> (b)(1) <u>An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless</u> it appears that –
>
> (A) the applicant has <u>exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>    \*   \*   \*
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. <u>Castille v. Peoples</u>, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the

2

enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.* Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75

L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner admits that his appeal is pending. It is reasonable to conclude that petitioner has not yet submitted these claims to Louisiana's Supreme Court for review. Until he submits his federal *habeas corpus* claims to the Louisiana Supreme Court and until such time as that court rules on his claims, his federal claims remain unexhausted.[1] Absent a showing that state remedies are either unavailable or inadequate, he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; Fuller v. Florida, 473 F.2d 1383, 1384 (5th Cir.1973); Frazier v. Jones, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Moreover, since the present petition raises only unexhausted claims, the court need not address the stay and abeyance of mixed *habeas* petitions addressed by the Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his

---

[1] A review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that there are no published Supreme Court writ judgments in which petitioner is a party subsequent to September 13, 2007, the date of petitioner's conviction.

4

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas corpus* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

5

Signed in Chambers, Alexandria, Louisiana _January 8_____, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE